United States District Court
for the
Southern District of Florida

Richard Ralph Malcolm, Plaintiff,    )
)
v.                             )
)   Civil Action No. 20-24250-Civ-Scola
)
Verizon Wireless, Defendant.    )
)

## Order Dismissing Case

This matter is before the Court on an independent review of the record. Plaintiff Richard Ralph Malcolm, proceeding *pro se,* commenced this action on October 16, 2020, pursuant to 42 U.S.C. § 1983, alleging that unnamed employees of Defendant Verizon Wireless "denied [him] service in violation of the U.S. Constitution." (ECF No. 1 at 1.)

This case stems from the Plaintiff's June 13, 2020 visit to a Verizon store in Miami, Florida, during which he claims that he was "denied service by Latin/White employees." (*Id.*) He states that the Defendant discriminated against him on the basis of "age, race, sex, national origin, skin color, [and] ethnicity." (*Id.*) Other than describing certain employees as "Latin/White," the Plaintiff provides no other details regarding his visit to a Verizon store on June 13th. The Plaintiff goes on to state that he "waited 30 days" and "did not receive a credit denial letter" from Verizon and that "[t]he fraud department notified [him] that there was no fraud alert on the account," and, finally, that he "should have had a phone on" October 15, 2020. (*Id.*) The remainder of the seven-page complaint appears to be an excerpt from the "Encyclopaedia Britannica," which asks questions such as "What are civil rights?" and covers topics including "Constitutional differences with Britain" compared to the United States. (*Id.* at 1-7.) The complaint concludes: "Sign up here to see what happened On This Day, every day in your inbox! . . . . By signing up, you agree to our Privacy Notice."

The complaint provides no explanation for how any of the aforementioned conduct was unconstitutional. To state a claim under § 1983, the plaintiff must illustrate "that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Allaben v. Howanitz*, No. 14-11227, 3 (11th Cir. Aug. 26, 2014). However, "[p]rivate parties," such as Defendant Verizon Wireless, "are generally not considered state actors for § 1983 purposes." *Id.*

Even absent that jurisdictional shortcoming, the Court would dismiss this frivolous action. "[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties." *Davis v. Kvalheim*, 261 F. App'x 231, 234-35 (11th Cir. 2008). Here, the complaint is "clearly baseless and without arguable merit in fact." *Id.* It provides no details setting forth a plausible claim for relief and instead is mostly an excerpt from what appears to be a generic e-mail from an encyclopedia publisher. As a result, this case is **dismissed** under both the Court's inherent authority and 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

The **Clerk** is instructed to **close** this case and **mail** a copy of this order to the Plaintiff at the address listed below. All pending motions, if any, are **denied** as moot.

**Done and ordered**, in chambers, at Miami, Florida on October 19, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Richard Ralph Malcolm
P.O. Box 278204
Miramar, FL 33027